

July 13, 2020

**Via ECF**

The Honorable Andrew L. Carter
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 435
New York, New York 10007

Re:   *Williams, et al. v. HDR Global Trading Ltd., et al.*, 1:20-cv-2805 (ALC)
      *Messieh, et al. v. HDR Global Trading Ltd., et al.*, 1:20-cv-3232 (ALC)

Dear Judge Carter:

We write on behalf of Plaintiffs in the above-referenced actions (the "Actions") in response to Defendants' July 8, 2020 letter, 1:20-cv-2805, Dkt. 42; 1:20-cv-3232, Dkt. 42, which requests a pre-motion conference to address Defendants' demands to coordinate the Actions for pre-trial purposes and to stay discovery in the *Messieh* action, which is not a securities action and therefore not subject to the automatic stay provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The Actions are distinct from each other in critical respects and should proceed separately. Accordingly, in *Messieh*, which does not raise claims under either the Securities Act of 1933 (the "Securities Act") or the Securities Exchange Act of 1934 (the "Exchange Act"), discovery should proceed during the pendency of any motion to dismiss.

The only connection between the Actions is they relate to the same defendants and involve the crypto-asset industry. Although Plaintiffs initially filed these claims in a single action, based upon further investigation and discussions with members of the class, counsel determined that it would be more efficient to litigate the claims separately, as (i) the claims are factually distinct and arise under different statutes (*Messieh* raises claims solely under the Commodity Exchange Act, while *Williams* raises claims solely under the Securities Act, Exchange Act, and State law analogues); (ii) *Messieh* alleges that Defendants manipulated the BitMEX exchange to force unnecessary liquidations of customer accounts, while *Williams* alleges that BitMEX offered and sold futures of digital tokens without registering them with the Securities and Exchange Commission; (iii) *Messieh* seeks damages resulting from Defendants' market manipulation, while *Williams* seeks rescission of the unlawful token-derivative sales or equivalent damages; (iv) different statutes of limitations govern the claims in each Action; and (v) *Messieh* includes in its class all

persons who engaged in domestic derivative transactions on BitMEX from March 10, 2017 to the present, while *Williams* includes the much narrower set of persons who purchased futures of two specific unregistered tokens on BitMEX from June 8, 2017 to the present.

The separation of the Actions was based on an analysis by the lead plaintiffs in each Action and their counsel as to what would best serve the interests of the respective classes, not by any attempt to "circumvent" the PSLRA, as Defendants assert in their July 8 letter. As Plaintiffs explained in their application to be appointed as interim class counsel in the *Messieh* action, the Actions were separated because

> the proposed Class would best be served by re-filing the CEA and Securities Claims as separate actions. Pursuant to this approach, the proposed Class in this case can focus on questions of law and fact that are unique to Defendants' violations of the CEA, without the need to litigate issues that are exclusive to the Securities Claims and irrelevant to the CEA claims.

1:20-cv-3232, Dkt. 21, at 3. *Williams* raises straightforward issues of law concerning application of the Securities Act and Exchange Act to unregistered securities offerings. The issues in *Messieh* are fundamentally different, concerning how BitMEX was run, the mechanism of BitMEX's "Insurance Fund" and how BitMEX improperly used it to profit from liquidations of its customers' positions, and how BitMEX timed its frequent server freezes to trigger these liquidations in order to profit at the expense of the *Messieh* class. Coordinating these distinct cases would not benefit either class and would be inefficient.

Nor is there any basis to stay discovery in *Messieh* under the PSLRA. The stay applies only to claims "arising under" the Securities Act or Exchange Act. 15 U.S.C. §§ 77z-1(b)(1), 78u-4(b)(3)(B). Courts have therefore recognized that the stay does not apply to non-PSLRA actions. It follows that when PSLRA claims are coordinated with non-PSLRA claims, the "statutory stay of discovery would presumptively apply to the PSLRA-governed claims but not to the non-PSLRA claims." *Santos v. Banco Santander SA*, 1:09-cv-2838, 2009 WL 1455837, at *1 (S.D.N.Y. May 19, 2009). In fact, when a PSLRA class was coordinated with a non-PSLRA class in *In re WorldCom, Inc. Securities Litigation*, 234 F. Supp. 2d 301 (S.D.N.Y. 2002), the court modified the PSLRA-imposed stay rather than impose one on the non-PSLRA class, *id.* at 305.

Applying a PSLRA stay to *Messieh* would be particularly inappropriate here given the disparity between the Actions. The discovery in the Actions are likely to be materially different from one another, with minimal overlap. This lack of significant overlap prevents any concern that the *Williams* class would receive an inappropriate benefit from permitting discovery to proceed immediately in *Messieh*. Because the Complaint in *Messieh* raises numerous meritorious claims, which are likely to survive a motion to dismiss, discovery should proceed in the normal course in that action.

Respectfully submitted,

s/ Kyle W. Roche                    s/ Jordan A. Goldstein
Kyle W. Roche                       Jordan A. Goldstein
Roche Cyrulnik Freedman             Selendy & Gay, PLLC