**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BRETT MESSIEH and DREW LEE, individually and on behalf of all others similarly situated**,**

                       Plaintiffs,

          -against-

HDR GLOBAL TRADING LIMITED, ABS GLOBAL TRADING LIMITED, 100X HOLDINGS LIMITED, SHINE EFFORT INC LIMITED, HDR GLOBAL SERVICES (BERMUDA), ARTHUR HAYES, BEN DELO, GREG DWYER, and SAMUEL REED**,**

                       Defendants.

Case No. 1:20-cv-03232 (ALC) (SDA)

**PROTECTIVE ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

WHEREAS, all the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment; and

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third parties to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action.

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material the public disclosure of which either is restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

(a) previously nondisclosed (or disclosed pursuant to a protective order) financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously nondisclosed (or disclosed pursuant to a protective order) information relating to ownership or control of any non-public company;

(c) previously nondisclosed (or disclosed pursuant to a protective order) sensitive or proprietary commercial information or communications relating to any party's business including, but not limited to, tax data; internal audit practices, procedures and outcomes; business plans, trading, business and investment strategies; marketing materials; business studies or analyses by internal or outside experts; competitive analyses; customer or prospective customer lists and information; product or service pricing or billing agreements or guidelines; confidential project-related information; and/or internal pricing and cost information;

(d) information as to which applicable law — foreign or domestic — requires the equivalent of "Confidential" treatment as set forth in this Protective Order, examples of which potentially include, but are not limited to, laws implementing Regulation (EU) 2016/679, the General Data Protection Regulation (including but not limited to the Data Protection Act 2018 (c. 12) (United Kingdom personal information)), the Personal Data Protection Act 2012 of the Laws of Singapore, the Personal Information Protection Act 2016 (PIPA) of the Laws of Bermuda, the Data Protection Act 2023 (Act 24 of 2023) of the Laws of Seychelles and the Personal Data (Privacy) Ordinance, Cap. 486 of the Laws of Hong Kong (PDPO); or

    (e)    any other category of information hereinafter given confidential status by the Court.

3. The person producing any given Discovery Material may designate as Highly Confidential only such portion of such material the public disclosure of which either is restricted by law or will cause irreparable harm to the business, commercial, financial, or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

    (a)    previously nondisclosed (or disclosed pursuant to a protective order) sensitive commercial information relating to any party's business that consists of: (i) transaction data and records (including customer trading data); (ii) proposed strategic transactions or other business combinations; (iii) trade secrets; or (iv) confidential research, development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G);

    (b)    any information of a personal or intimate nature regarding any individual or legal person including, but not limited to, social security numbers; personal telephone numbers and addresses; tax returns; medical, personal credit, and banking information; personal financial information; private keys; and/or passwords;

    (c)    information as to which applicable law — foreign or domestic — requires the equivalent of "Highly Confidential" treatment as set forth in this Protective Order, examples of which potentially include, but are not limited to, laws implementing Regulation (EU) 2016/679, the General Data Protection Regulation (including but not limited to the Data Protection Act 2018 (c. 12) (United Kingdom personal information)), the Personal Data Protection Act 2012 of the Laws of Singapore, the Personal Information Protection Act 2016 (PIPA) of the Laws of Bermuda, the Data Protection Act 2023 (Act 24 of 2023) of the Laws of Seychelles and the Personal Data (Privacy) Ordinance, Cap. 486 of the Laws of Hong Kong (PDPO); or

    (d)    any confidential or proprietary source code utilized by any person in the operation of its business, including, but not limited to, any proprietary computer code, scripts, source code listings, and descriptions of source code; object code listings and descriptions code; similarly sensitive implementation details; trading or business algorithms or specifications for such algorithms; development documents or other written narratives that reveal business logic and corresponding technical requirements; and any notes, summaries, presentations, reports or any other materials that contain, describe, reflect or reveal such source code or the structure, operation functionality, design, and logic of such source code.

4.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as Confidential or Highly Confidential by stamping or otherwise clearly marking as Confidential or Highly Confidential the protected portion in a manner that will not interfere with legibility or audibility. In the event the receiving person makes a specific request for purposes of making a public court filing, the producing person must also produce for public use another copy of said Discovery Material with the confidential information redacted.

5.      With respect to deposition transcripts and exhibits, a Party or the deponent's counsel may designate such portion as Confidential or Highly Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential or Highly Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the designating party or witness's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript and exhibits referenced during the deposition will be treated as if it had been designated Highly Confidential.

6.      If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it previously had produced was not properly designated (including without limitation being subject to a less restrictive designation), she, he or it may correct the designation by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material thereafter will be treated pursuant to the replacement designation.  In addition, the producing person shall provide all Parties with replacement versions of such Discovery Material that bear the replacement designation within five (5) business days of providing such notice, or, in the case of voluminous material or other exceptional circumstances, as soon as is practicable.

7.      No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the Parties to this action, including individual named plaintiffs or defendants; directors, officers, employees, or trustees of Parties; and the Parties' insurers and counsel to the Parties' insurers;

(b) the Parties' outside counsel and in-house counsel participating in the prosecution and defense of this matter in their roles as lawyers, including any paralegal, translator, investigative personnel, administrative assistant, and/or other assistant employed by such counsel and involved in this matter; and subject to paragraph 11, such outside counsel's auditors, lenders, and insurers, <u>provided</u>, <u>however</u>, that any individual or firm that competes with Defendant HDR Global Trading Limited in any business involving crypto-assets or crypto-derivatives shall not be a "lender" for purposes of this Order;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d) subject to paragraph 11 below, any mediator or arbitrator who the Parties engage in this matter or that this Court appoints;

(e) as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

(f) as to any document, any person who is an employee of the producing party;

(g) subject to paragraph 11 below, as to any document, a former employee of the producing party, provided that such former employee was employed by the producing party when the document was created;

(h) subject to paragraph 11 below, any witness who counsel for a Party in good faith believes may testify at trial or deposition in this action, and his or her counsel;

(i) subject to paragraph 11 below, any person retained by a Party to serve as an expert witness or to otherwise provide specialized advice or knowledge to counsel in connection with this action;

(j) subject to paragraph 11 below, stenographers and videographers engaged to transcribe and/or record depositions conducted in this action;

(k)     the Court, including any appellate court, and the court reporters and support personnel for the same; and

(l)     subject to paragraph 11 below, any other person whom the producing person, or other person designating the Confidential Discovery Material, agrees in writing may have access to such Discovery Material.

8.     No person subject to this Protective Order other than the producing person shall disclose, summarize, describe, characterize, or otherwise communicate or make available any of the Discovery Material designated by the producing person as Highly Confidential to any other person whomsoever, except to the following persons and only to the extent reasonably necessary, in the professional judgment of the receiving Party, to prosecute and/or defend this action:

(a)     subject to paragraph 11 below, any Party to the litigation who is a natural person;

(b)     in the case of any Party to the litigation that is not a natural person, those representatives of the Party who are the primary decision-makers with authority and control over the prosecution or defense of the litigation;

(c)     the Parties' outside counsel and in-house counsel participating in the prosecution and defense of this matter in their roles as lawyers, including any paralegal, translator, investigative personnel, administrative assistant, and/or other assistant employed by such counsel and involved in this matter; and subject to paragraph 11, such outside counsel's auditors, lenders, and insurers upon the request of such auditor, lender, or insurer, _provided_, _however_, that any individual or firm that competes with Defendant HDR Global Trading Limited in any business involving crypto-assets or crypto-derivatives shall not be a "lender" for purposes of this Order;

(d)     as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

(e)     as to any document, any person who is an employee of the producing party;

(f)     subject to paragraph 11 below, as to any document, a former employee of the producing party, provided that such former employee was employed by the producing party when the document was created;

 (g) subject to paragraph 11 below, any witness whose testimony at trial or deposition in this action has been subpoenaed or otherwise demanded, or whom counsel for a Party anticipates calling to testify at trial, and such witness's counsel;

 (h) subject to paragraph 11 below, any mediator or arbitrator who the Parties engage in this matter or that this Court appoints;

 (i) subject to paragraph 11 below, any person retained by a Party to serve as an expert witness or to otherwise provide specialized advice or knowledge to counsel in connection with this action;

 (j) subject to paragraph 11 below, stenographers and videographers engaged to transcribe and/or record depositions conducted in this action;

 (k) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services, or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system, provided counsel use reasonable best efforts to include a confidentiality provision in any engagement letter with an outside vendor or service provider;

 (l) the Court, including any appellate court, and the court reporters and support personnel for the same; and

 (m) subject to Paragraph 11 below, any other person whom the producing person, or other person designating the Highly Confidential Discovery Material, agrees in writing may have access to such Discovery Material.

 9. Confidential Discovery Material shall not be submitted to any open Generative AI tool (e.g., ChatGPT) or any substantially similar open AI tool that is available to the public. Providing Confidential Discovery Material to an open AI tool is considered disclosure to a third party.

 10. Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to this action or from relying upon or generally referring to Confidential Discovery Material in rendering such advice; provided, however, that, in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content of Confidential Discovery Material if such disclosure is not otherwise permitted under this Protective Order.

 11. Except as provided in paragraph 12, prior to any disclosure of any

Case 1:20-cv-03232-ALC-SDA   Document 176   Filed 06/12/24   Page 8 of 13

Confidential Discovery Material to any person referred to in subparagraph 7(b), 7(d), 7(g)-7(j), 7(l), 8(a), 8(f)-8(j), and 8(m) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement and produce it to opposing counsel upon request.

12. Notwithstanding any other provision of this Order, the Parties' outside counsel and in-house counsel participating in the prosecution and defense of this matter in their roles as lawyers, including any paralegal, translator, investigative personnel, administrative assistant, and/or other assistant employed by such counsel and involved in this matter, may receive Confidential Discovery Material without having executed a Non-Disclosure Agreement.

13. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Section II of Magistrate Judge Aaron's Individual Practices.

14. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Section II of Magistrate Judge Aaron's Individual Practices.

15. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within two business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

16. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution or the defense of the above-captioned action (including use in any amended pleadings; appeals; and collateral proceedings such as, by way of examples and not limitations, a

8

related mandamus action or an action regarding a third-party subpoena served in connection with this action). Specifically (by way of examples and not limitations), recipients of Confidential Discovery Material under this Protective Order may not use Confidential Discovery Material for any business, commercial or competitive purpose or in any other legal action, proceeding, or investigation, subject to the preceding sentence. However, notwithstanding any provision of this Order to the contrary, auditors, lenders, and insurers who receive Confidential Discovery Material under Paragraph 7(b) or 8(c) may use such material to assess the value and risks associated with the above-captioned action in the course of providing auditing, lending, or insurance services to the Parties' outside counsel (but for no other business purpose). Nothing contained in this Protective Order will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

17. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

18. All persons seeking to file redacted documents or documents under seal with the Court in connection with non-dispositive matters shall follow Section II(B)(3) of Magistrate Judge Aaron's Individual Practices. With respect to dispositive matters, the Individual Rules of the presiding District Judge shall be followed; if the Parties have consented to the jurisdiction of Magistrate Judge Aaron for all purposes, then with respect to dispositive motions, Section III(E) shall be followed. The Parties shall use their best efforts to minimize such sealing.

19. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

20. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

21. In the event a non-party has produced information in response to a subpoena or request, any Party receiving such information from the non-party shall ensure that all other Parties receive copies of the non-party's production within five (5) business days of the receiving Party's receipt of such production, or in the case of voluminous material or other exceptional circumstances, the Party receiving such information from the non-party shall notify all other parties of its receipt of such production within three (3) business days, and shall provide copies of the non-party production to all other Parties as soon as practicable.

22. A non-party from whom the Parties seek discovery may designate Discovery Material it produces to a Party to this action as Confidential or Highly Confidential consistent with the terms of this Protective Order. In such circumstances, Discovery Material designated as Confidential or Highly Confidential by a non-party shall be assigned the same protection as Discovery Material so designated by a Party, and all duties applicable to a Party under this Protective Order shall apply to a non-party designating Discovery Material as Confidential or Highly Confidential. All obligations applicable under this Protective Order to parties receiving Discovery Material shall apply to any Party receiving Discovery Material from such non-party. Any Party who serves a subpoena on a non-party shall provide such non-party with a copy of this Order.

23. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

24. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it immediately shall notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

25. This Protective Order shall survive the termination of the litigation. Within 60 days of the final disposition of this action, all Discovery Material and all copies thereof, shall be promptly returned to the producing person or destroyed; provided, however, that counsel for a receiving Party may retain copies of correspondence, documents constituting work product, pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits containing such Protected Information; and further

provided that any receiving person may retain Discovery Material that such person is required to retain to comply with litigation holds, applicable law or regulation, or such person's reasonable internal compliance policies, or that has in the ordinary course of operations been retained in backup or disaster recovery systems. Before a receiving person submits any Discovery Material to a closed Generative AI or substantially similar tool, the receiving person shall make reasonably sure that it can delete from the tool at the close of the action all Discovery Material that is required to be returned or destroyed under the preceding sentence. The receiving person will be responsible for destroying such produced information from such tools at the end of the action.

26. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

27. Nothing herein shall preclude any Party from seeking modification of this Protective Order or additional protection for particular documents for good cause.

SO STIPULATED AND AGREED:

*s/ Jordan A. Goldstein*
Dated: June 11, 2024

Jordan A. Goldstein
Oscar Shine
SELENDY GAY PLLC
1290 Sixth Avenue, 17th Floor
New York, New York 10104
jgoldstein@selendygay.com
oshine@selendygay.com

*Attorneys for Plaintiffs and the Proposed Class*

*s/ Todd S. Fishman* (by consent)
Dated: June 11, 2024

David C. Esseks
Todd S. Fishman
ALLEN OVERY SHEARMAN STERLING US LLP
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 610-6300
david.esseks@aoshearman.com
todd.fishman@aoshearman.com

*Attorneys for Defendants HDR Global Trading Limited, ABS Global Trading Limited, 100x Holdings Limited, Shine Effort Inc Limited, and HDR Global Services (Bermuda) Limited*

| | |
|---|---|
| *s/ Patrick J. Smith* (by consent) | *s/ James J. Benjamin, Jr.* (by consent) |
| Dated: June 11, 2024 | Dated: June 11, 2024 |
| | |
| Patrick J. Smith | James J. Benjamin, Jr. |
| Selbie L. Jason | AKIN GUMP STRAUSS HAUER & FELD LLP |
| CLARK SMITH VILLAZOR LLP | Akin Gump Strauss Hauer & Feld LLP |
| 666 Third Avenue, 21st Floor | One Bryant Park |
| New York, NY 10017 | New York, New York  10036 |
| Tel: (212) 377-0850 | Tel.:  212-872-1000 |
| patrick.smith@csvllp.com | jbenjamin@akingump.com |
| selbie.jason@csvllp.com | |
| | |
| *Attorneys for Defendant Ben Delo* | *Attorneys for Defendant Arthur Hayes* |
| | |
| *s/ Douglas K. Yatter* (by consent) | *s/ Jenna Dabbs* (by consent) |
| Dated: June 11, 2024 | Dated: June 11, 2024 |
| | |
| Douglas K. Yatter | Jenna Dabbs |
| Hanyu (Iris) Xie | Michael Ferrara |
| LATHAM & WATKINS LLP | KAPLAN HECKER & FINK LLP |
| 1271 Avenue of the Americas | 350 Fifth Avenue, Suite 710 |
| New York, New York 10020 | New York, New York 10118 |
| Tel: (212) 906-1200 | Tel: (212) 763-0883 |
| douglas.yatter@lw.com | jdabbs@kaplanhecker.com |
| iris.xie@lw.com | mferrara@kaplanhecker.com |
| | |
| *Attorneys for Defendant Samuel Reed* | *Attorneys for Defendant Greg Dwyer* |

**SO ORDERED:**

_____

**STEWART D. AARON**
United States Magistrate Judge

Dated: June 12, 2024

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRETT MESSIEH and DREW LEE, individually and on behalf of all others similarly situated,<br><br>　　　　　　　**Plaintiffs,**<br><br>　　　　-against-<br><br>HDR GLOBAL TRADING LIMITED, ABS GLOBAL TRADING LIMITED, 100X HOLDINGS LIMITED, SHINE EFFORT INC LIMITED, HDR GLOBAL SERVICES (BERMUDA), ARTHUR HAYES, BEN DELO, GREG DWYER, and SAMUEL REED,<br><br>　　　　　　　**Defendants.** | **Case No. 1:20-cv-03232 (ALC) (SDA)**<br><br>**NON-DISCLOSURE AGREEMENT** |

　　　　I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential. I agree that I will abide by the terms of the Protective Order. Without limiting the foregoing, I agree that I will not disclose such Confidential Discovery Material to anyone except as permitted by the Protective Order, and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it or destroy such discovery information. As set forth in Paragraph 16 of the Protective Order, recipients of Confidential Discovery Material under this Protective Order may use such material solely for purposes of the above-captioned action and for no other purpose. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

　　Dated: _____　　　　　　　　　　　　　_____