UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____                │
│ DATE FILED:   10/03/2024             │
└─────────────────────────────────────┘
```

Drew Lee, individually and on behalf of all others similarly situated,

                Plaintiff,

       -against-

HDR Global Trading Limited, et al.,

                Defendants.

1:20-cv-03232 (ALC) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

       Pending before the Court is a motion by Plaintiff Drew Lee, individually and on behalf of all others similarly situated ("Plaintiff" or "Lee"), pursuant to Rules 15(a)(2), 20 and 21 of the Federal Rules of Civil Procedure, for leave to join Felix Lufkin ("Lufkin") as an additional named-Plaintiff and representative of the proposed class, and to file the Proposed Third Amended Complaint ("PTAC") in this action. (Pl.'s 9/6/24 Not. of Mot., ECF No. 198; Pl.'s 9/6/24 Mem., ECF No. 199; PTAC, ECF No. 200-1.[1]) For the reasons set forth below, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.[2]

---

[1] Unless otherwise indicated by a prefix reflecting the case number of a related case (*i.e.*, 20-CV-02805), ECF citations herein refer to documents filed in this action.

[2] "A motion to amend is not a dispositive motion." *Media Glow Digital, LLC v. Panasonic Corp. of N. Am.*, No. 16-CV-07907 (PGG), 2020 WL 3483632, at *3 (S.D.N.Y. June 26, 2020) (citing cases). A motion for joinder also is non-dispositive. *Hatemi v. M&T Bank Corp.*, No. 13-CV-1103S (HBS), 2015 WL 13549199, at *1 (W.D.N.Y. Mar. 5, 2015) (citing cases). Thus, the undersigned has the authority to decide the pending motion by an Opinion and Order, as part of the general pretrial referral.

**RELEVANT BACKGROUND**

I.    **Procedural History**

On April 3, 2020, a related action captioned *Williams v. HDR Global Trading Ltd.*, No. 20-CV-02805 (ALC) (the "*Williams*" Action), was filed by Chase Williams ("Williams") and William Zhang ("Zhang"), against HDR Global Trading Limited ("HDR Global"), ABS Global Trading Limited ("ABS Global"), Arthur Hayes ("Hayes"), Ben Delo ("Delo") and Samuel Reed ("Reed") in which Williams and Zhang alleged (1) claims under the Commodities Exchange Act ("CEA"), (2) claims under the Securities Act of 1933 and the Securities Exchange Act of 1934 relating to the purported offer and sale of unregistered securities, and (3) claims under blue sky laws of New Jersey and Texas related to the sale of unregistered securities. (*Williams* Action, Compl., 20-CV-02805 ECF No. 1, ¶¶ 215-305.) On April 23, 2020, an Amended Complaint was filed in the *Williams* Action, which withdrew the CEA claims. (*Williams* Action, Am. Compl., 20-CV-02805 ECF No. 19.) That same day, Lee and Brett Messieh ("Messieh") filed the Complaint in this action against HDR Global, ABS Global, Hayes, Delo and Reed alleging three claims under the CEA.[3] (Compl., ECF No. 1, ¶¶ 123-37.)

On December 23, 2020, the Honorable Andrew L. Carter, Jr. issued an Order in which he, among other things, directed the parties to submit a proposed schedule with respect to any amended pleading in this action. (12/23/20 Order, ECF No. 49.) Based on the parties' agreement (*see* Joint Stip. & Order, ECF No. 51), Messieh and Lee filed the Amended Complaint in this action on February 12, 2021. (Am. Compl., ECF No. 53.) The Amended Complaint, in which 100x Holdings

---

[3] Ultimately, the *Williams* Action was voluntarily dismissed on April 28, 2021. (*Williams* Action, Not. of Voluntary Dismissal, 20-CV-02805 ECF No. 78.)

Limited ("100x Holdings"), Shine Effort Inc Limited ("Shine Effort"), HDR Global Services (Bermuda) Limited ("HDR Bermuda") and Greg Dwyer ("Dwyer") were added as defendants, alleged five claims under the CEA. (*Id*. ¶¶ 19-20, 27, 193-276.)

On April 13, 2021, Defendants HDR Global, ABS Global, 100x Holdings, Shine Effort, HDR Bermuda,[4] Hayes, Delo, Dwyer and Reed (collectively, the "Defendants") filed a motion, pursuant to Rules 12(b)(1), 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, to dismiss the Amended Complaint.[5] (Defs.' 4/13/21 Not. of Mot., ECF No. 63.) In connection with their motion, Defendants asserted, among other things, that the CEA claims fell out of the CEA's statutory scope. (Defs.' 4/13/21 Mem., ECF No. 64, at 16-17; *see also* Defs.' 7/14/21 Reply, ECF No. 77, at 7.) In opposition, Messieh and Lee contended, among other things, that the CEA encompassed their claims because the derivatives at issue were swaps. (Pls.' 6/14/21 Mem., ECF No. 70, at 12-18.)

On March 8, 2023, Judge Carter issued an Order noting that Messieh and Lee had asserted that the Court had jurisdiction over the CEA claims because the transactions at issue constituted swaps, and scheduling a conference to discuss "whether an amendment to the complaint is necessary, and, if allowed, how the amendment would affect the briefing of the pending motions to dismiss." (3/8/23 Order, ECF No. 110.) On March 14, 2023, the Court held the conference. (*See* 3/14/23 Tr., ECF No. 114.) During the conference, counsel for Messieh and Lee asserted that

---

[4] In the Amended Complaint, HDR Global, ABS Global, 100x Holdings, Shine Effort and HDR Bermuda collectively are defined as "BitMEX" (*see* Am. Compl. at p. 1), and hereinafter collectively are referred to as "BitMEX."

[5] Also on April 13, 2021, Defendant Delo separately filed a motion, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, to dismiss the Amended Complaint. (Delo 4/13/21 Not. of Mot., ECF No. 66.) In his moving memorandum, Delo asserted that the Court lacked personal jurisdiction over him. (Delo 4/13/21 Mem., ECF No. 67, at 5-12.)

leave to amend was warranted in order to (1) clarify the financial instruments at issue are swaps, and (2) add allegations relating to the guilty pleas of BitMEX's principals—Hayes, Delo, Reed and Dwyer—since they pleaded guilty to criminal charges that arose from their targeting of American investors in February 2022, after the Amended Complaint was filed. (*Id*. at 6-7, 9.) Defendants contested any further amendment. (*Id.* at 10-16.) On the subject of the amendment, Judge Carter stated:

> Here's what I'm concerned about. I'm obviously looking at these motions and considering these motions that have been filed, and I'm concerned about something that was raised in the defendant's reply basically indicating that this issue of swaps was raised for the first time, specifically in the plaintiffs' opposition. . . . I don't want it to be a situation in which the defendant feels as if they've been sandbagged or treated unfairly in any way. It seems to me, from what I'm hearing from defense counsel, that your briefing isn't going to change a whole lot on much of this if the plaintiffs are allowed to amend. You may need to beef some things up regarding these guilty pleas, certainly regarding these other individuals, to the extent that that is something that needs to be relied on. But it seems that the gravamen of the motion to dismiss isn't going to change drastically. I just want to make sure that we've got everything teed up here for the Circuit, . . . . And I wouldn't want to be in a situation in would just end up wasting more time if the Circuit then ended up remanding this case for me, back to me in that matter and having the plaintiff then amend the complaint and the like. I would like to deal with this case, and I'd like to deal with it expeditiously. It seems to me that it may make sense to give the plaintiffs -- it shouldn't be a big, heavy lift for the plaintiffs to amend this complaint this one last time, get this complaint teed up, give the defendants an opportunity to look at the Amended Complaint, see if there's anything they now want to add to their briefing, and then file their motions to dismiss.

(*Id.* at 19-21.) Judge Carter accordingly granted Messieh and Lee leave to file a Second Amended Complaint (3/14/23 Order, ECF No. 111), thereby mooting the prior motions to dismiss the Amended Complaint.

On March 21, 2023, the Second Amended Complaint ("SAC") was filed. (SAC, ECF No. 115.) On May 2, 2023, Defendants filed a motion, pursuant to Rules 12(b)(6) and 9(b) of the Federal

Rules of Civil Procedure, to dismiss all claims in the SAC.[6] (Defs.' 5/2/23 Not. of Mot., ECF No. 120.) In late March and early April 2024, Judge Carter denied Defendants' motions to dismiss. (3/31/24 Order, ECF No. 143; 4/3/24 Order, ECF No. 145; 4/8/24 Order, ECF No. 147.)

On April 9, 2024, this action was referred to the undersigned for general pretrial supervision. (Order of Reference, ECF No. 148.) On May 3, 2024, the Court entered the Case Management Plan, which included a provision that "[a]mended pleadings may not be filed and additional parties may not be joined except with leave of the Court upon a showing of good cause." (Case Mgmt. Plan, ECF No. 160, ¶ 7.) On May 15, 2024, Defendants filed their respective Answers to the Second Amended Complaint. (Answers, ECF Nos. 169-73.)

## II.    Dismissal Of Named Plaintiff Messieh

On June 20, 2024, Interim Class Counsel, Selendy Gay PLLC ("SG"),[7] filed a motion to withdraw as counsel for Messieh. (Pl.'s 6/20/24 Mot. to Withdraw, ECF No. 178; Goldstein Decl., ECF No. 179.) On July 18, 2024, the Court granted SG's motion to withdraw (7/18/24 Order, ECF No. 186), and thereafter Messieh was dismissed from this action. (9/11/24 Order, ECF No. 203.) This left a single named-Plaintiff in this action, *i.e.*, Lee, represented by SG.

---

[6] Also on May 2, 2023, Defendant Delo filed a separate motion, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, to dismiss the SAC. (Delo 5/2/23 Not. of Mot., ECF No. 123.)

[7] Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, SG was appointed Interim Class Counsel for this case. (6/4/20 Order, ECF No. 32.)

III.    **Lufkin's Contact With Interim Class Counsel**

On July 16, 2024, due to SG's advertising efforts,[8] SG was contacted for the first time by Lufkin regarding BitMEX's alleged wrongdoing. (Goldstein Decl., ECF No. 200, ¶ 9; Pl.'s 9/27/24 Reply, ECF No. 211, at 4.) On September 5, 2024, Lufkin signed an engagement letter with SG. (Goldstein Decl. ¶ 10.)

IV.    **Pending Motion**

On September 6, 2024, Plaintiff filed the instant motion (and its supporting papers) for leave to join Lufkin as an additional named-Plaintiff and representative of the proposed class and to file the PTAC. (Pl.'s 9/6/24 Not. of Mot.; Pl.'s 9/6/24 Mem.; Goldstein Decl.) On September 20, 2024, Defendants filed their opposition to Plaintiff's motion. (Defs.' 9/20/24 Opp'n Mem., ECF No. 206.) On September 27, 2024, Plaintiff filed his reply and its supporting papers. (Pl.'s 9/27/24 Reply; Goldstein Reply Decl.)

## LEGAL STANDARDS

Federal Rule of Civil Procedure 15(a) provides that a court should "freely" grant leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny leave to amend is within the trial court's discretion. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The court may deny leave to amend for "good reason," which involves an analysis of the factors articulated in *Foman*: undue delay, bad faith, futility of amendment or undue prejudice to the

---

[8] On June 13, 2024, SG authorized the creation of a website, Bitmexinvestigation.com, and thereafter advertised the availability of free consultations regarding BitMEX on social media platforms Facebook and Reddit. (Goldstein Reply Decl., ECF No. 212, ¶¶ 2-4; *see also* Screenshot of Bitmexinvestigation.com, ECF No. 212-1.)

opposing party. *See McCarthy v. Dun & Bradstreet Corp*., 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman*, 371 U.S. at 182). When a motion to amend is for the purpose of adding a new party, such a motion often is combined with a motion for joinder under Rule 20 and Rule 21 *See Oneida Indian Nation of New York State v. County of Oneida*, 199 F.R.D. 61, 72 (N.D.N.Y. 2000) (citing cases) (stating with respect to Rule 15(a), Rules 20(a) and 21: "in practical terms there is little difference between these three rules in that they all leave the decision whether to permit or deny amendment to the district court's discretion" (cleaned up)).

Under Rule 20 of the Federal Rules of Civil Procedure, persons may be permissively joined as plaintiffs in a pending civil action if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1)(A)-(B). "There is no rigid rule as to what constitutes the same series of transactions or occurrences for purposes of joinder under Rule 20." *Han v. InterExchange, Inc.*, No. 23-CV-07786 (JLR), 2024 WL 3990770, at *8 (S.D.N.Y. Aug. 28, 2024) (quoting *Agnesini v. Dr.'s Assocs.*, Inc., 275 F.R.D. 456, 458 (S.D.N.Y. 2011)) (cleaned up). "Rule 20(a) is designed to encourage joinder[.]" *Shakespeare v. Live Well Fin., Inc.*, No. 18-CV-07299 (JMA) (AYS), 2022 WL 4642736, at *4 (E.D.N.Y. Sept. 30, 2022). Under Rule 21, "on motion or on its own, the court may at any time, on just terms, add or drop a party[,] for the misjoinder or nonjoinder of parties." Fed. R. Civ. P. 21.

**ANALYSIS**

Plaintiff moves to join Lufkin as a named-Plaintiff in this action and to file the PTAC to reflect allegations concerning Lufkin. (Pl.'s 9/6/24 Mem at 4-9.) The Court, in its discretion, hereby grants Plaintiff's motion.

Plaintiff easily meets the liberal standard for amending pleadings under Rule 15. The Court finds that justice requires the addition of a second named plaintiff in order to ensure that this action can continue if the sole Plaintiff (Lee) for some reason became unable to prosecute this case. *See Lang v. Tower Grp. Int'l, Ltd*., No. 13-CV-05852 (AT), 2014 WL 12779212, at *3 (S.D.N.Y. June 17, 2014) ("a co-lead plaintiff structure can 'have the salutary effect of providing greater stability in the prosecution'" of a class action (quoting *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co*., 229 F.R.D. 395, 420 (S.D.N.Y. 2004)). By permitting joinder of Lufkin and the filing of the PTAC, the Court is "ensure[d] that the litigation may continue uninterrupted if further events or information undermine [the] lead plaintiff's ability to represent the class." *See id*. at *3.

Plaintiff also easily meets the standard for permissive joinder under Rule 20. As Plaintiff argues, Lufkin's claims are substantially similar to Lee's, they arise out of the same occurrences, and implicate the same questions of law and fact since both Lee and Lufkin purchased Bitcoin and Ethereum derivative products on BitMEX and allegedly suffered losses during the proposed class period. (Pl.'s 9/6/24 Mem. at 5; *see also* PTAC ¶¶ 16-17.) Further, both Lufkin and Lee were subjected to multiple "liquidations" of their trading positions, which they allege Defendants engineered through deceptive practices and price manipulation, in violation of the CEA. (Pl.'s 9/6/24 Mem. at 5; *see also* PTAC ¶¶ 215-21, 227-41, 248-26.) Lee's and Lufkin's claims are "so

8

logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit[,]" and "there is substantial overlap in questions of law or fact across the claims." *Ardolf v. Weber*, 332 F.R.D. 467, 479 (S.D.N.Y. 2019) (cleaned up) (permitting joinder under Rule 20(a)). Deciding not to join Lufkin would be inefficient and an imprudent waste of judicial resources that would unnecessarily duplicate litigation. *See Pejovic v. State Univ. of New York at Albany*, No. 17-CV-01092 (TJM) (DJS), 2018 WL 4228423, at *4 (N.D.N.Y. Sept. 5, 2018) (allowing joinder of additional plaintiffs in putative class action to avoid "waste of judicial and litigation resources"); *see also* Fed. R. Civ. P. 1 (Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Defendants make two arguments in opposition to Plaintiff's motion: (1) Defendants argue that Plaintiff has not demonstrated good cause to modify the scheduling order in this case to file the PTAC, and (2) Defendants argue that they will be prejudiced if joinder is permitted.[9] (Defs.' 9/20/24 Opp'n Mem. at 4-8.) Neither of these arguments has merit.

The Case Management Plan, which was entered on May 3, 2024, did not set a deadline for filing amended pleadings, but instead provided that "[a]mended pleadings may not be filed and additional parties may not be joined except with leave of the Court upon a showing of good

---

[9] Defendants' suggestion that they "operated under the belief" that there would be no further amendments of plaintiff's pleading based upon Judge Carter's statement about amending the pleading "one last time" (Defs.' Opp'n Mem. at 6), if true, was not a reasonable belief, and takes Judge Carter's words out of context. Judge Carter stated in March 2023 in connection with pending motions to dismiss: "It seems to me that it may make sense to give the plaintiffs -- it shouldn't be a big, heavy lift for the plaintiffs to amend this complaint this one last time, get this complaint teed up, give the defendants an opportunity to look at the Amended Complaint, see if there's anything they now want to add to their briefing, and then file their motions to dismiss." (3/14/23 Tr. at 21.) Thus, the pleading amendment that was made was at Judge Carter's, not the plaintiffs', behest. Judge Carter in no way prohibited further amendment of the pleading.

cause." (Case Mgmt. Plan ¶ 7.) The Court finds that good cause exists for an amended pleading since, after the Case Management Plan was entered one of the two named Plaintiffs, *i.e.*, Messieh, on August 20, 2024, requested to be dismissed from the case (Messieh 8/20/24 Ltr., ECF No. 193), and his request was granted on September 11, 2024. (*See* 9/11/24 Order.) Contrary to Defendants' suggestion to the contrary (Defs.' Opp'n Mem. at 5-6), SG was diligent in bringing the instant motion, since SG filed the motion on September 6, 2024, the day after Lufkin signed an engagement letter with SG. (Goldstein Decl. ¶ 10.)

The Court also finds that Defendants will not suffer undue prejudice as a result of Lufkin being added as a named Plaintiff. Contrary to their assertion (Defs.' Opp'n Mem. at 6), Defendants are not unduly prejudiced by reason of their need to locate and produce documents associated with Lufkin. *See United States v. Cont'l Illinois Nat'l Bank & Trust Co. of Chicago*, 889 F.2d 1248, 1255 (2d Cir. 1989) ("[t]he adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading").[10] There also is no undue prejudice to Defendants by reason of their need to file responsive pleadings. *See Roberts v. Cooperatieve Centrale Raiffeisen-Boeren Leenbank B.A.*, No. 09-CV-05271 (JGK), 2010 WL 23170, at *1 (S.D.N.Y. Jan. 5, 2010) ("The defendants' argument that they will be forced to expend additional legal resources on filing an Answer to the Amended Complaint does not amount to undue prejudice . . . ."). Regardless, Defendants' contention that they would be "put to the costly task of preparing and filing five separate answers to the [PTAC]" (Defs.' Opp'n Mem. at 7) is

---

[10] In fact, Defendants have represented that they already have identified trading records associated with Lufkin for the years 2017, 2018 and 2019. (Defs.' Opp'n Mem. at 6.) Adding one more year of records for 2020, "the only year in which [he] alleges he suffered injury on the BitMEX platform[,]" is a minimal burden when discovery has only just commenced. (*Id.*)

overstated. The scope of the PTAC is limited inasmuch as it merely removes references to Messieh, adds references to Lufkin and modifies certain paragraphs to tailor the allegations to Lufkin. (PTAC ¶¶ 17, 159, 160, 162-64.)

Defendants also suggest that they will suffer prejudice based upon how the "Class Period" is defined in the PTAC. (Defs.' Opp'n Mem. at 6.) The PTAC defines the "Class Period" as "February 28, 2016 through the present." (PTAC ¶ 185.) The SAC, which had been filed on March 21, 2023, contained the same definition. (SAC ¶ 185.) Thus, according to Defendants, the amendment will "tack[] on more than two-and-[a]-half years to the relevant period." (Defs.' Opp'n Mem. at 6.) In reply, Plaintiff states that argues that the Class Period end date of "'the present' . . . is plainly a placeholder for a future date tied to class certification." (Pl.'s 9/27/24 Reply at 9 (citation omitted).)

The issue of the appropriate end date for the Class Period presently is not before the Court. Nevertheless, since, by issuing this Order, the Court is approving the filing of the PTAC, in order to avoid any suggestion of the Court's imprimatur of an end date of "the present," Plaintiff before filing the PTAC shall change paragraph 185 to read as follows:

> Plaintiffs bring this action as a class action under Federal Rule of Civil Procedure 23 and seek certification of the following Class: All persons who purchased any Bitcoin or Ethereum swap products on BitMEX in domestic U.S. transactions between February 28, 2016 and **an end date to be determined by the Court** and were injured thereby. Accordingly, the Class Period is February 28, 2016 through **the end date as determined by the Court**.

(PTAC ¶ 185 (revised language emphasized).)

Finally, with respect to the issue of prejudice, the Court notes that Plaintiff has no objection to Defendants' proposals that (1) Defendants' prior document requests and interrogatories be deemed served on Lufkin as of the date of this Order, with Lufkin's responses

and objections then due 21 days later; (2) Lufkin's initial disclosures include his email address(es) and account information for any accounts through which he traded on the BitMEX platform; and (3) the Court's September 11, 2024 discovery Order apply equally to Lufkin. (Pl.'s 9/27/24 Reply at 8.) In order to ameliorate any prejudice to Defendants, the Court is including the foregoing as part of its Order granting Plaintiff's motion.

Accordingly, the Court finds that good cause exists for Plaintiff to file the PTAC, and Plaintiff is given leave to do so, consistent with the provisions of this Order.[11]

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is GRANTED IN PART and DENIED IN PART. It is hereby ORDERED that Plaintiff is granted leave to file, and shall file, the PTAC no later than Friday, October 11, 2024, amending paragraph 185 to read as follows:

> Plaintiffs bring this action as a class action under Federal Rule of Civil Procedure 23 and seek certification of the following Class: All persons who purchased any Bitcoin or Ethereum swap products on BitMEX in domestic U.S. transactions between February 28, 2016 and an end date to be determined by the Court and were injured thereby. Accordingly, the Class Period is February 28, 2016 through the end date as determined by the Court.

Defendants shall file their respective Answers to the Third Amended Complaint within 30 days following Plaintiffs' filing of the PTAC. The Clerk of Court is respectfully directed to update the ECF docket to add "Felix Lufkin, individually and on behalf of all others similarly situated" as a Plaintiff, and similarly add SG's attorneys' appearances as counsel of record on his behalf.

---

[11] Nothing in this Opinion and Order affects the Court's prior Order limiting the time period for Defendants to produce responsive information for the six-year period from January 1, 2016 through December 31, 2021. (9/11/24 Order, ECF No. 202, ¶ 1(a).)

It is further ORDERED that (1) Defendants' prior document requests and interrogatories shall be deemed served on Lufkin as of the date of this Order, with Lufkin's responses and objections then due 21 days later; (2) Lufkin's initial disclosures shall include his email address(es) and account information for any accounts through which he traded on the BitMEX platform; and (3) the Court's September 11, 2024 discovery Order shall apply equally to Lufkin.

**SO ORDERED.**

Dated:          New York, New York
                October 3, 2024

STEWART D. AARON
United States Magistrate Judge