UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DREW LEE and FELIX LUFKIN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

HDR GLOBAL TRADING LIMITED, ABS GLOBAL TRADING LIMITED, 100X HOLDINGS LIMITED, SHINE EFFORT INC LIMITED, HDR GLOBAL SERVICES (BERMUDA), ARTHUR HAYES, BEN DELO, GREG DWYER and SAMUEL REED,

Defendants.

Case No. 1:20-cv-03232 (ALC) (SDA)

# [PROPOSED] STIPULATED DEPOSITION PROTOCOL

Subject to the approval of the Court and pursuant to Section 1(f) of the Amended Fact Discovery Schedule (Dkt. 222) (the "Amended Discovery Schedule"), the parties, through their undersigned counsel, stipulate and agree to the following protocol governing the scheduling and taking of fact depositions (the "Protocol").

1. Subject to any modifications made pursuant to the terms of this Protocol, this Protocol applies to all fact depositions taken in this action. Any matter not expressly addressed in this Protocol shall be governed by the applicable Federal Rules of Civil Procedure (the "Federal Rules"), Local Civil Rules of the United States District Court for the Southern District of New York (the "Local Rules"), the Court's individual rules of practice, the Amended Discovery Schedule, and the Protective Order entered on June 12, 2024 (the "Protective Order") (Dkt. 176). Nothing in this Protocol shall be construed to alter, modify or supersede any provision of the Amended Fact Discovery Schedule or the Protective Order. A copy of this Protocol in its entirety

shall be attached to any nonparty subpoena for testimony. This Protocol shall not govern expert depositions.

I.  **Deposition Notices, Scheduling, and Other Logistics**

2.  *Pre-Notice Coordination.* Counsel shall cooperate in and coordinate the scheduling of depositions in good faith. Before issuing a deposition notice, counsel shall consult in advance with relevant opposing counsel in an effort to schedule depositions at mutually convenient times and locations, taking into account the schedules of the witnesses and counsel.

(a)  *Parties and Current and Former Officers and Employees of Party.*

A party that seeks to depose another party or a witness associated with another party shall first send a deposition scheduling communication via email to all opposing counsel identifying the witness and proposing at least three alternative potential dates or a general time period encompassing at least three (3) business days for the deposition. A witness associated with a party means (i) any current officer or employee of a party or (ii) any former officer or employee who was employed by a party during the relevant period. Within fourteen (14) days of receiving such a communication, counsel for the party or the party with which the witness is associated shall: (i) confirm whether such counsel will represent that current or former officer or employee and, as appropriate, whether counsel is authorized to accept or waive service of a subpoena; (ii) confirm the proposed date or offer an alternative date, provided that it is no later than thirty (30) days from the latest date proposed by the party intending to take the deposition but no sooner than ten (10) days from counsel for the party's response to the deposition scheduling communication, absent good cause; and (iii) state whether such counsel intends to cross-notice the deposition of that current or former officer or employee. If counsel for any other party (other than the party associated with the witness) intends to cross-notice that individual's deposition, such counsel shall, within fourteen (14) days of receiving the original deposition scheduling communication, state

2

whether such counsel intends to serve a cross-notice. Within three (3) business days of receipt of an offer of an alternative date, counsel for the requesting party shall either confirm the alternative date or request, by email, to meet and confer. Any such meet and confer shall occur within three (3) business days of such a request. If, following a meet and confer, the parties are unable to agree on a date for a deposition, either party may seek relief from the Court, on notice to all other parties. In addition, if a dispute arises between the parties as to whether a proposed deponent to be noticed for deposition is a current officer, director or managing agent of a party or an employee who may not be noticed for deposition, the parties agree to promptly meet and confer and, if the dispute is not resolved, to promptly address the matter to the Court pursuant to Paragraph 22 below. As to a proposed deponent who is a former officer or former employee of a party, if counsel for that party does not confirm that such counsel will represent that former officer or employee, such counsel (unless prohibited from doing so under applicable law) shall provide the date of departure and last known address of the former officer or employee, or contact information for any attorney who represents the former officer or employee, if known. This Protocol will be provided to any counsel representing a former officer or employee.

  (b) *Rule 30(b)(6) Depositions.*

For Rule 30(b)(6) depositions, the requesting party shall serve written notice on all counsel in the action, which shall include a list of specified deposition topics. Within seventeen (17) days of receiving such notice, counsel for the corporate representative must serve a response to the Rule 30(b)(6) deposition notice, which shall (i) identify any objections to the proposed topics and (ii) confirm the proposed date, time and location (subject to Paragraph 5, *infra*) for the deposition or offer an alternative date, time and location that may not be more than thirty (30) days from the date originally noticed but no sooner than ten (10) days from the date when the deposed party's response to the Rule 30(b)(6) deposition notice is due to be served. The parties shall promptly

meet and confer regarding any objections to the scope, timing or location of the deposition. If any disputes remain, either party may seek relief from the Court in accordance with the Court's procedures for discovery requests.

(c) *Subpoenas of Nonparty Witnesses*.

The party serving the nonparty subpoena shall copy all counsel of record on the subpoena and on all correspondence with the subpoenaed party's counsel concerning the date and location of the deposition. The parties shall endeavor to set a date and location acceptable to all parties and the witness. If another party informs the noticing party within seven (7) days that it intends to cross-notice the nonparty's deposition, the parties shall coordinate with each other and with the witness (or counsel for the witness), where possible, on scheduling the deposition.

3. *Deposition Notices.* All deposition notices shall state that date for which the deposition is noticed, which shall be the date agreed upon by the parties or ordered by the Court pursuant to Paragraph 2. Notices shall be sent via e-mail to all counsel of record, and will be effective on the date in Eastern time the e-mail is sent. Any cross-notice must be served no later than five (5) business days following the date on which counsel for the cross-noticing party has received the notice of deposition.

4. *Withdrawal of Deposition Notices.* Upon reasonable notice, a party may withdraw a deposition notice, and that deposition will not count against the party for purposes of the number of depositions allotted herein.

5. *Deposition Location.* Unless the parties otherwise agree or the Court otherwise orders, (i) a Rule 30(b)(6) deposition (not otherwise designated under any other procedure allowed by the Federal Rules, including Rule 30(b)(1)) shall occur in New York City, the duration (to the extent not otherwise specified in this Protocol) and matters of examination to be agreed; (ii) any deposition of a party in an individual capacity (and of any named individual defendant if also

designated as a Rule 30(b)(6) witness) or of a party's current officers or current employees in an individual capacity shall occur at the witness's election in either (a) New York City or (b) at whichever of the following three locations is geographically closest to where such witness has residency status or works: (a) London, (b) Hong Kong, or (c) Singapore; and (iii) any deposition of a person not described in 5(i) or 5(ii) shall take place either in New York City or within a reasonable distance from the city where the witness has residency status or works, at the witness's election.  For depositions taking place in locations other than New York City, the parties shall make reasonable efforts to schedule multiple depositions in a particular geographic location in groups in order to reduce expense and inconvenience to witnesses, the parties, and counsel, subject however to the availability of the witnesses and counsel for the parties taking and defending the depositions.  If the parties are unable to agree on a location after meeting and conferring in good faith, either party may seek relief from the Court, on notice to all other parties pursuant to the procedures governing discovery disputes.  For any deposition conducted outside the United States without proceeding through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, March 18, 1970, T.I.A.S. No 7444, 23 U.S.T. 2555 ("the Hague Convention") (regardless of whether the deponent is a party or an officer or employee of a party), before questioning of the deponent by counsel begins, (i) the court reporter shall request on the record that "all counsel stipulate that, in lieu of formally swearing in the witness, the reporter will instead ask the witness to acknowledge that their testimony will be true under the penalties of perjury, that counsel will not object to the admissibility of the transcript based on proceeding in this way, and that the witness has verified their identity"; (ii) counsel for each party shall confirm on the record that they so stipulate; and (iii) the deponent shall acknowledge on the record that his or her testimony will be true under the penalties of perjury and shall verify his or her identity on the record.

6. *Deposition Scheduling*.  Unless the parties otherwise agree or the Court otherwise orders, no more than one deposition shall be scheduled on the same day.  Consistent with the Amended Fact Discovery Schedule (and further amended schedule), the parties shall schedule depositions between the Court-imposed date for commencement of fact depositions and the deadline for completion of fact witness depositions (the "Deposition Period").  No depositions may be scheduled on the dates of any in-person Court hearings, on any public or religious holidays, or on weekends, except with the consent of all parties and any witnesses not currently employed by a party.  If the parties are unable to agree on deposition scheduling after meeting and conferring in good faith, either party may seek relief from the Court, on notice to all other parties pursuant to the procedures governing discovery disputes.

7. *Depositions Pursuant to the Hague Convention*.  In the event that depositions or equivalent examinations for use in this litigation are requested to take place outside the United States under the Hague Convention, counsel for each party requesting such depositions shall, in addition to providing all other notices and notifications required by other provisions of this Deposition Protocol or by the Federal Rules, the Local Rules, the Court's individual practices or the Discovery Schedule, provide to all counsel of record: (a)  copies of any Request for International Judicial Assistance,  Letter of Request or Letters Rogatory (each, a "Letter of Request") and of all other papers submitted to the Court in connection with such Letter of Request; (b) copies of all papers and communications received from the Court in relation to a Letter of Request; (c) copies of all requests, other papers or communications in relation to a Letter of Request and/or the requested deposition or examination, made or submitted by or on behalf of the requesting party to a Central Authority under the Hague Convention in the receiving State  or a Commissioner appointed under the Hague Convention; and (d) copies of all papers and communications in relation to a Letter of Request and/or the requested deposition or examination,

received by or on behalf of the requesting party from a Central Authority or a Commissioner appointed under the Hague Convention.  At least seven (7) days prior to filing with the Court any request for such a deposition, in addition to the notice requirements in Paragraphs 2 and 3, the party seeking the deposition shall provide notice and draft copies of all Letters of Request to all other parties to allow coordination on scheduling and the opportunity to join or otherwise respond to the application.  Copies of all filed Letters of Request, other papers and communications referred to in this paragraph shall be provided on the date submitted or received by or on behalf of the requesting party, as the case may be.  The parties shall endeavor to set a date and location for any deposition or examination pursuant to the Hague Convention which is acceptable to all parties and the witness.

8. *Notification of Attendance at Deposition.*  In order for counsel to make arrangements for deposition space, whenever feasible, counsel for each party shall advise the opposing party of the number of people who intend to attend a deposition at least three (3) business days prior to the deposition and shall provide the names of attendees at least one (1) business day before the deposition.

9. *Depositions by Videoconference.*  To minimize travel and related costs, depositions may be conducted remotely using videoconference technology if all parties and the deponent consent.  The parties agree that depositions sworn and taken remotely and using videoconference technology will be conducted in a similar manner and will have the same force and effect as those taken in-person except that any Federal Rules or Local Rules that require physical presence of any person at a deposition (including court reporters, videographers, deponent and counsel) shall be waived for the remote depositions to be taken in this case, subject to any countervailing court order or ruling by a Central Authority.  Prior to the day of the deposition, counsel for the witness shall consult with the witness to ensure the witness has the required technology to appear for a remote deposition (*e.g.*, a webcam and computer) and shall conduct a test using the computer to be used

at the deposition to confirm that the technology, the deposition platform and internet connections are functioning properly. The parties also agree to work collaboratively to address and troubleshoot technological issues that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues.

      10.    *Court Reporting and Videographer Service.* The parties shall work together in good faith to agree on a single court reporting and videography service. Unless the parties otherwise agree, all depositions shall be videotaped. The noticing party shall bear the initial expense of both videotaping and stenographic recording. Each side (each of (i) Plaintiffs collectively and (ii) Defendants collectively constituting a "side") shall pay for its own copies of transcripts and videotapes of depositions.

      11.    *Trial Witnesses Not Previously Deposed.* If any witness (whether party or non-party) appears on a party's pretrial list as a testifying witness and previously has not been deposed, the other parties will have an opportunity to depose that witness. These depositions will not be subject to any party deposition limits contemplated in Paragraph 12. Time permitting, parties will use their best efforts to schedule depositions taken subject to this provision at least thirty (30) days prior to the start of trial.

**II.**    **Number and Length of Depositions**

      12.    *Party Deposition Limits.* As required by the Amended Fact Discovery Schedule, absent agreement between the parties or an order from the Court, fact depositions (both party and nonparty) shall be limited to no more than 17 depositions per side. In the event either side exhausts the 17-deposition limit, that side may seek leave to take additional depositions. For Rule 30(b)(6) depositions directed to one or more corporate entities, each seven-hour period of deposition (whether a single witness or multiple witness, and whether on a single notice topic or multiple notice topics) will count as one deposition against the total allotment of fact depositions per side

8

provided in this paragraph. Notwithstanding anything herein, Plaintiffs may take one Rule 30(b)(6) deposition of HDR Global Trading Ltd., ABS Global Trading Ltd., 100X Holdings Limited, Shine Effort Inc Limited, and HDR Global Services (Bermuda) together, which shall occur over the equivalent of two (2) calendar days and shall count as one deposition.

        13. *Rule 30(b)(6) Depositions*. One week prior to any Rule 30(b)(6) deposition, the party that receives a notice of deposition pursuant to Rule 30(b)(6) shall provide the name(s) and title(s) of the witness or witnesses who will be providing testimony on that party's behalf, along with the specific topics to which the witness or witnesses will be testifying.

        14. *Duration of Party Depositions.* Except with respect to depositions that are conducted through an interpreter as set forth below, the side that noticed a fact deposition of a party or a party's current or former officer or employee shall be entitled to seven (7) hours of on-the-record examination on a single day, except that a deposition may proceed for more than seven testimonial hours: (i) if agreed between counsel for the party that noticed the deposition and counsel for the deponent; (ii) to the extent permitted by order of the Court for good cause shown; or (iii) to the extent such additional time is provided for in this Protocol. Upon completion of the noticing side's examination, the non-noticing side collectively shall be entitled to up to two (2) hours to examine the witness. Upon completion of the additional questioning, the side that noticed the deposition shall be entitled to reasonable additional time to examine the witness in response to issues that arose during the non-noticing side's questioning, which shall not exceed one (1) hour. In the event a party cross-notices a deposition, the deposition shall be scheduled for an additional consecutive day of seven (7) hours, and there shall be a rebuttable presumption that parties on each side of the litigation (*i.e.*, Plaintiffs collectively and Defendants collectively) are entitled collectively to seven (7) hours of examination time, absent a different agreement among the parties or as ordered by the Court for good cause. For any cross-noticed deposition, the parties

will meet and confer in good faith regarding the appropriate mode and order of examination, giving effect to the considerations set forth in Federal Rule of Evidence 611. If the witness has been cross-noticed, neither the cross-noticing party nor any other party can use the additional two (2) hours contemplated in this paragraph. The court reporting service shall maintain a total running time for actual deposition testimony, and shall record how much time each party uses to examine the deponent in each deposition. The parties shall endeavor to complete depositions in one day where reasonably practicable.

15.   *Duration of Nonparty Depositions.*  If a party notices the deposition of a nonparty, the noticing side will collectively be allowed up to six hours of on-the-record examination, and the non-noticing side will collectively be allowed up to one hour of examination. In the event that a nonparty deposition is cross-noticed, each noticing side shall collectively be entitled to up to six hours of on-the-record examination in total.  As to any cross-noticed deposition of a nonparty, the deposition may either (i) continue beyond seven testimonial hours on the first day, or (ii) continue on the next consecutive business day; provided, for avoidance of doubt, that nothing herein shall be construed to permit either side collectively to exceed six hours of on-the-record examination of any nonparty.

### III.   Conduct of Depositions

16.   Depositions shall be conducted in accordance with the applicable Federal Rules, Local Rules and the Court's individual practices except to the extent expressly provided otherwise in this Protocol.

17.   *Who May Attend Depositions.*  Unless otherwise agreed to by the parties or as ordered by the Court, attendance at depositions (either in person or remotely) will be limited to counsel for any party in this litigation and their staff, consultants engaged by a party in connection

with the litigation, the parties or representatives of the parties, the deponent, the deponent's counsel, and the court reporter (including the court reporter's staff, such as a videographer).

18. *Objections at Depositions.* Any objection made at a deposition by any Defendant shall be deemed to have been made on behalf of all other Defendants. Notwithstanding anything to the contrary in Federal Rule of Civil Procedure 32(d)(3), all objections, except those as to form and privilege, are reserved until trial or other use of the depositions, including motions for summary judgment. The phrase "objection as to form" or similar language shall be sufficient to preserve all objections as to form until the deposition is sought to be used at a judicial proceeding. Objections and instructions not to answer shall be made in the manner set forth in Federal Rule of Civil Procedure 30(c)(2). Speaking objections or those which the Court could interpret as coaching the witness are prohibited. When a privilege is claimed, the witness should nevertheless answer questions (if any) relevant to the existence, extent, or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed. Private conferences between deponents and attorneys in the course of a line of related questions are improper and prohibited except for the sole purpose of determining whether a privilege claim should be asserted.

19. *Numbering of Exhibits.* Exhibit numbers for all of the depositions taken by Plaintiffs (designated "PX") will be assigned sequentially, such that the numbering of exhibits at each successive deposition will resume where the numbering at the preceding deposition ended. Likewise, exhibit numbers for all of the depositions taken by Defendants (designated "DX") will be assigned sequentially, such that the numbering of exhibits at each successive deposition will resume where the numbering at the preceding deposition ended. The court reporting service shall maintain and circulate periodically a master list of all deposition exhibits (which, in addition to the exhibit number will reflect the document production (Bates) number for each exhibit marked). If

there are multiple depositions occurring simultaneously, the court reporters at each deposition will create appropriate exhibit gaps.

20.     *Copies of Exhibits.*  Counsel that may question the deponent shall bring sufficient copies of any deposition exhibit, including a copy for (a) one attorney for each party attending the deposition, (b) the attorney defending the deposition, (c) the witness and (d) the court reporter. The parties may agree that the questioning attorney need not bring courtesy copies of voluminous or frequently used documents (*e.g.*, the complaint) for counsel who are not defending the witness. In addition, "sufficient copies" shall mean one USB drive, FTP credentials or other storage device containing electronic copies from which all other counsel may copy the documents to their computers.

## IV.     Foreign Language Issues

21.     *Foreign Language Logistics.*  Counsel should consult prior to a deposition to agree upon appropriate logistics to accommodate foreign language issues. Counsel for any witness who requires an interpreter at his or her deposition shall notify the noticing party within fourteen (14) days of receipt of the deposition scheduling communication. The noticing party shall arrange for, and bear the expense of, the participation of an official lead interpreter. Counsel for the witness may, but are not obligated to, make arrangements for a check interpreter (*i.e.*, a translator whose purpose is to ensure that the questions and answers are being translated fairly) to attend the deposition. The check interpreter shall refrain from interaction with the lead interpreter, except where a proposed correction to the accuracy of a translation is necessary. In that event, the colloquy between the check interpreter and lead interpreter shall be translated into English and confined to the extent necessary to address the concern of the check interpreter. Examination time shall be increased for depositions that are conducted through an interpreter at a ratio of seven to thirteen

hours.  Notwithstanding the foregoing, all potential objections to the translation of any question, answer, or deposition exhibit are preserved without the need to object during the deposition itself.

## V.     Disputes

22.     Disputes between the parties should be addressed to the Court to the extent the Court has jurisdiction, rather than the district court in the district where the deposition is being conducted.  Any dispute related to this Protocol shall be resolved according to the procedure set forth in Section II of the Individual Practices of Magistrate Judge Steward D. Aaron.  Disputes arising during a deposition that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule then in effect or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to the Court during that deposition.  In the event the Court is unavailable by telephone to resolve disputes arising during the course of the deposition, the deposition shall nevertheless continue to be taken as to matters not in dispute.

## VI.    Standard Stipulation Regarding Corrections and Signing

23.     The following stipulation will apply to all depositions taken in this action and shall be included in each transcript by the court reporter:

> Upon completion of the transcription of today's session, the original transcript shall be sent to counsel for the witness by the court reporter.  Counsel shall promptly forward it to the witness for review, correction, and signature under penalty of perjury.  Within 30 days of receiving the transcript from the court reporter, the witness's counsel shall then forward the original transcript plus corrections to the court reporter, who will promptly notify all counsel of its receipt and any changes to testimony made by the witness.  If no corrections are made during this time, and absent any agreement to extend those deadlines, the transcript will be presumed accurate.
>
> If the witness is not represented by counsel, the original transcript will be sent to the witness by the court reporter.  After review, correction, and signature within 30 days from the date of receipt, the witness shall return the original transcript to the court reporter, who will notify all counsel of its receipt and any changes to testimony made by the witness.  Any witness who makes changes to his or her

deposition transcript must, as required by Federal Rule of Civil Procedure 30(e)(2), sign a statement listing the changes and the reasons for making them.

## VII. Confidentiality

24. The use of documents at depositions and testimony taken at all depositions is governed by the Protective Order (Dkt. 176) entered in this action.

## VIII. Modification

25. This Protocol or any portion thereof may be modified, either generally or as to particular witnesses, by stipulation of all parties hereto, or by Court order for good cause shown.

Executed: March 12, 2025
New York, New York

<u>/s/ Jordan A. Goldstein (with consent)</u>
Jordan A. Goldstein
Oscar Shine
SELENDY GAY PLLC
1290 Sixth Avenue, 17th Floor
New York, New York 10104
jgoldstein@selendygay.com
oshine@selendygay.com

*Interim Class Counsel*

<u>/s/ David C. Esseks (with consent)</u>
David C. Esseks
Nikolai Krylov
Megan W. Sharkey
ALLEN OVERY SHEARMAN STERLING US LLP
599 Lexington Avenue
New York, New York 10022
Tel: (212) 848-4000
david.esseks@aoshearman.com
nik.krylov@aoshearman.com
megan.sharkey@aoshearman.com

<u>/s/ Todd S. Fishman</u>
Todd S. Fishman
K&L GATES LLP
599 Lexington Avenue
New York, New York 10022
Tel: (212) 536-3900
todd.fishman@klgates.com

*Attorneys for Defendants HDR Global Trading Limited, ABS Global Trading Limited, 100x Holdings Limited, Shine Effort Inc Limited, and HDR Global Services (Bermuda) Limited*

14

<div style="display: flex;">

<div>

*/s/ Patrick J. Smith (with consent)*
Patrick J. Smith
Selbie L. Jason
CLARK SMITH VILLAZOR LLP
666 Third Avenue, 21st Floor
New York, New York 10019
Tel: (212) 377-0850
patrick.smith@csvllp.com
selbie.jason@csvllp.com

*Attorneys for Defendant Ben Delo*

*/s/ Douglas K. Yatter (with consent)*
Douglas K. Yatter
Hanyu (Iris) Xie
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, New York 10020
Tel: (212) 906-1200
douglas.yatter@lw.com
iris.xie@lw.com

*Attorneys for Defendant Samuel Reed*

</div>

<div>

*/s/ James J. Benjamin Jr. (with consent)*
James J. Benjamin Jr.
Peter I. Altman
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: (212) 872-2000
jbenjamin@akingump.com
paltman@akingump.com

*Attorneys for Defendant Arthur Hayes*

*/s/ Jenna M. Dabbs (with consent)*
Jenna M. Dabbs
Michael Ferrara
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel: (212) 763-0883
jdabbs@heckerfink.com
mferrara@heckerfink.com

*Attorneys for Defendant Greg Dwyer*

</div>

</div>

SO ORDERED.

Dated: _____, 2025

_____
Hon. Stewart D. Aaron
United States Magistrate Judge